# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL ARTHUR NIXON,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-86

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Nixon ("Nixon"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 7), and Nixon filed a Response. (Docs. 9, 10.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Nixon's Section 2241 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Nixon *in forma pauperis* status on appeal.

## BACKGROUND

Nixon was indicted in this Court based on allegations he was a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment stated Nixon was eligible for an enhanced sentence based on his previous convictions for burglary and two drug offenses. Indictment, United States of America v. Nixon, 2:04-cr-4, (S.D. Ga. Apr. 9, 2004), ECF No. 1. Nixon pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Plea Agreement, United States of America v. Nixon, 2:04-

cr-4, (S.D. Ga. Nov. 19, 2004), ECF No. 35-1. Nixon was sentenced to 180 months' imprisonment originally, and this Court vacated that sentence eight days later, because the Court believed Nixon's burglary conviction may not have qualified as a predicate offense under the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e). See Tr., United States of America v. Nixon, 2:04-cr-4, (S.D. Ga. Oct. 20, 2006), ECF No. 51-1, p. 2. However, upon re-sentencing, the same 180-month sentence was imposed because Nixon still had three prior drug offenses to warrant the ACCA sentence enhancement. Id. at pp. 19–21. Nixon did not file a direct appeal.

Nixon filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. Mot., Nixon v. United States of America, 2:06-cv-71, (S.D. Ga. Mar. 24, 2006), ECF No. 1. Nixon asserted he should not have received the sentence enhancement pursuant to the ACCA because his burglary conviction was not a qualifying prior felony. Nixon also asserted his trial counsel was ineffective because he failed to advise Nixon about the mandatory minimum sentence he faced under the ACCA and for failing to seek to withdraw his guilty plea once it was apparent the Court could not depart from the mandatory minimum sentence. Nixon contended he should be resentenced pursuant to the decision in United States v. Booker, 543 U.S. 220 (2005). Id. This Court determined Nixon was properly sentenced under the ACCA—independent of his prior burglary conviction—because he had three prior felony drug convictions, as set forth in his Pre-Sentence Investigation report ("PSI"). This Court noted that the fact the indictment set forth Nixon's prior burglary conviction and two of his prior felony drug convictions was of no consequence, as ACCA predicate felonies are not elements of the offense charged and need not be proven beyond a reasonable doubt. Order, Nixon v. United States of America, (S.D. Ga. Apr. 6, 2007), ECF No. 21, pp. 4–5 (quoting United States v.

Burge, 407 F.3d 1183, 1191 (11th Cir. 2005)). This Court also determined Nixon failed to establish that his trial counsel rendered ineffective assistance or that he was entitled to relief based on Booker. Nixon did not appeal this Court's denial of his Section 2255 motion.

## DISCUSSION

In his current Petition, Nixon avers he is actually innocent of his underlying ACCA conviction and enhanced sentence. (Doc. 1, p. 6.) In support of his contention, Nixon cites to the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), and states that he no longer has the requisite number of qualifying convictions to support his 180-month sentence. Nixon requests that his sentence be vacated and that he be resentenced to 120 months' imprisonment. (Id. at p. 8.)

Respondent contends that Nixon cannot satisfy his burden of establishing his entitlement to relief pursuant to Section 2255's savings clause, and his Petition should be dismissed as a result. Respondent asserts Nixon cannot identify any recent Supreme Court decision which overturned Circuit precedent relevant to his ACCA designation. Respondent alleges the Johnson decision involved the residual clause of the ACCA, and none of Nixon's prior convictions which were used to impose his enhanced sentence fall within this clause's definition of a "violent felony." (Doc. 7, p. 5.)

In response, Nixon asserts the Government was not entitled to rely on his third felony drug conviction as the basis for his enhanced sentence because this third drug conviction was not contained in the indictment, nor was it relied upon during his initial sentencing.

**I.      Whether Nixon can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant, the Eleventh Circuit addressed whether the savings clause of Section 2255(e) permits a federal prisoner to bring a Section 2241 petition when he establishes his sentence exceeds the statutory maximum penalty. 738 F.3d at 1256. The Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit

precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Id. at 1274 (involving the violent felony enhancement in 18 U.S.C. § 924(e)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014) (involving the prior felony drug offense enhancement in 21 U.S.C. § 841(b)(1)(B)). A petitioner must satisfy all five of these requirements to obtain relief under Bryant. Specifically, under Bryant, Nixon must establish, among other things, that the rule announced in Johnson applies retroactively to cases on collateral review.

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563.[1] The Eleventh Circuit "agree[s] that Johnson announced a new substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, No. 15-13089-C, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (denying leave to file a second or

---

[1] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56. As noted above, Nixon's burglary conviction was not used to enhance his sentence pursuant to the ACCA. Instead, his sentence was enhanced because he has three prior felony drug convictions. Accordingly, Johnson's holding is inapposite to Nixon's Petition, even if this decision were retroactively applicable. This provides yet another reason for dismissal of the Petition.

6

successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015), applying Johnson retroactively to cases on collateral review)[2]; see United States v. Braun, No. 13-15013, 2015 WL 5201729 (11th Cir. Sept. 8, 2015) (applying Johnson in the context of a direct appeal); United States v. Hill, No. 14-12294, 2015 WL 5023791 (11th Cir. Aug. 26, 2015) (same); and Haugabrook v. United States, Civ. Case No. 815-cv-1756-T-24TBM, Cr. Case No. 8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. July 30, 2015) (declining to extend Johnson to a Section 2255 motion).

Nixon previously brought a Section 2255 motion in this Court, which is the district of conviction, and was unsuccessful. In fact, Nixon raised a very similar issue in his Section 2255 motion as he does here—that his burglary conviction should not be considered a qualifying offense for purposes of the ACCA. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Nixon is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[2] The Eleventh Circuit reemphasized its stance that Johnson does not apply retroactively to cases on collateral review because the Supreme Court did not "expressly hold" that that decision, which was decided on direct review, should apply retroactively. In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016).

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Nixon relies upon Johnson in his Section 2241 Petition, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill either condition to invoke the savings clause or to proceed under Section 2255(h). Consequently, the Court need not address the relative merits of Nixon's Section 2241 Petition. Because Nixon has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Nixon's Section 2241 Petition.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Nixon leave to appeal *in forma pauperis*. Though Nixon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

8

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Nixon's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Nixon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Nixon leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Nixon and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA